IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER F. SIMMONS,

    Petitioner,                    No. 2:09-cv-0108-GEB-JFM (HC)

    vs.

WARDEN, S.V.S.P.,

    Respondent.                ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2000 conviction, entered pursuant to a plea of nolo contendere, to charges of kidnapping, dissuading a witness, and three counts of threatening bodily injury. Respondent has moved to dismiss this action on the grounds that it is barred by the statute of limitations and contains unexhausted claims. In the verified petition and the opposition to the motion to dismiss, which is signed by petitioner's "inmate assistant," petitioner makes assertions of a long history of mental illness. A habeas petitioner is entitled to equitable tolling of the limitation period "only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.' Grounds for equitable tolling under § 2244(d) are "highly fact-dependent."." Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (quoting

Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003) and Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc)).[1] In Laws, the United States Court of Appeals for the Ninth Circuit held that the district court abused its discretion in not ordering further development of the factual record concerning the petitioner's mental illness before denying a habeas corpus petition as time-barred.

Good cause appearing, IT IS HEREBY ORDERED that petitioner is granted a period of thirty days from the date of this order to file any evidence he has which supports the contention that he is entitled to equitable tolling of the limitation period due to mental illness. Respondent is granted ten days thereafter to file additional evidence in support of the motion to dismiss.

DATED: November 12, 2009.

UNITED STATES MAGISTRATE JUDGE

12
simm0108.fb

---

[1] In Laws, the United States Court of Appeals for the Ninth Circuit held that the district court had abused its discretion in denying a habeas petition as untimely "without ordering the development of the factual record" on the petitioner's entitlement to equitable tolling based on mental illness. Laws, at 923.