IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER F. SIMMONS,

    Petitioner,                    No. 2:09-cv-0108-GEB-JFM (HC)

    vs.

WARDEN, S.V.S.P.,

    Respondent.                <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2000 conviction, entered pursuant to a plea of nolo contendere, to charges of kidnapping, dissuading a witness, and three counts of threatening bodily injury. This matter is before the court on respondent's motion to dismiss this action on the grounds that it is barred by the statute of limitations and contains unexhausted claims. For the reasons set forth below, this action is time-barred. The court will not, therefore, reach the question of whether petitioner has exhausted state court remedies with respect to the claims raised herein.

        Section 2244(d)(1) of title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

    For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

    1. On April 25, 2000, petitioner was convicted pursuant to his no contest plea and sentenced to twenty-seven years and four months in state prison.

    2. On June 19, 2000, petitioner filed a notice of appeal. On December 15, 2000, The People of the State of California, respondent on direct appeal, moved to dismiss the appeal as unauthorized because petitioner had waived his right to appeal as part of the plea agreement pursuant to which his no contest plea was entered. On January 4, 2001, the California Court of Appeal for the Third Appellate District granted respondent's motion and dismissed the appeal.

    3. On October 9, 2001, petitioner filed a petition for writ of habeas corpus in the El Dorado County Superior Court. That petition was denied by order filed October 29, 2001.

/////

/////

1       4. On January 4, 2002, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. That petition was denied by order filed February 7, 2002.

      5. On October 1, 2002, petitioner submitted a petition for writ of habeas corpus to the California Supreme Court. That petition was denied in an order filed February 19, 2003 citing to *In re Swain* (1949) 34 Cal.2d 300, 304 and *In re Duvall* (1995) 9 Cal.4th 464, 474.

      6. On November 20, 2008, petitioner filed a petition for writ of habeas corpus and motion for coram nobis in the El Dorado County Superior Court. The petition and motion were denied on December 18, 2008.

      7. On January 13, 2009, the instant action was opened with the filing of a petition for writ of habeas corpus signed by petitioner and delivered to prison officials for mailing on January 7, 2009.

      Respondent contends that petitioner's conviction became final for purposes of the statute of limitations on April 25, 2000, when his conviction was entered in the superior court. Citing an unpublished set of findings, conclusions and recommendation by a United States Magistrate Judge from the United States District Court for the Northern District of Texas, respondent contends that petitioner's appeal "should not be counted in determining whether the one-year limitation's period commenced" because the appeal was dismissed due to petitioner's waiver of his right to appeal. Motion to Dismiss, filed April 2, 2009, at 3. In the alternative, respondent contends that even if the statute of limitations commenced forty days after dismissal of his direct appeal, this action is still untimely.

      Assuming arguendo that "the conclusion of direct review" in petitioner's case included his appeal to the state court of appeal, the statute of limitations commenced to run against petitioner on or about February 14, 2001, forty days after the dismissal of his direct appeal. See Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002), *abrogation on other grounds recognized by* Moreno v. Harris, 245 Fed. Appx. 606 (9th Cir. 2007). It ran for two hundred

thirty-seven days until petitioner filed his petition for writ of habeas corpus in the El Dorado County Superior Court on October 9, 2001.  Following the denial of that petition on October 29, 2001, petitioner proceeded to the California Court of appeal on January 4, 2002, where his petition was denied on February 7, 2002, and then to the California Supreme Court on October 1, 2002, which petition was denied on February 19, 2003.  Relying on Evans v. Chavis, 546 U.S. 189 (2006), respondent contends that petitioner is not entitled to tolling for the intervals between these petitions because of the delays between the decision of one court and petitioner's filing at the next level of the state court system.  In the context of this case, the court need not determine whether petitioner unreasonably delayed in proceeding between levels of the state court system because even assuming that the statute of limitations was tolled for these intervals, it expired on June 27, 2003, one hundred and twenty-eight days after the California Supreme Court denied the petition filed in that court.  The instant action was not filed until almost five and a half years later, well after the limitation period expired.[1]

In opposition to the motion to dismiss, petitioner makes two arguments relevant to the statute of limitations.[2]  First, petitioner contends that at the time of his no contest plea he did not know that the prosecution had turned over "potentially exculpatory evidence" to petitioner's defense counsel, and that he did not learn of this evidence until after he was sentenced and committed to the California Department of Corrections.  Objection to Motion to Dismiss, filed May 7, 2009, at 2.  This allegation does not change in any material way the outcome of the instant motion, because it is clear that petitioner knew of this potentially exculpatory evidence at the time he filed his direct appeal in the state court of appeal.  Id.

/////

---

[1] The November 2008 petition for relief filed in the state superior court did not revive the expired limitation period.  See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

[2] Petitioner did not sign his opposition; it is signed by an individual named Demetrius Ahmed Wright, who identifies himself as petitioner's inmate assistant.

4

1    Petitioner also contends that he "has a long history of mental illness, and
2    traumatic brain injury, according to a notarized declaration of Ms. Susan Gramentz his mother,
3    and is still under care of CDC mental health staff." Id. By order filed December 9, 2009,
4    petitioner was granted a period of sixty days in which to submit evidence in support of his
5    claimed entitlement to equitable tolling of the limitation period. On December 14, 2009,
6    petitioner filed evidence in response to the court's order. The evidence tendered by petitioner is
7    insufficient to support equitable tolling of the limitation period. A habeas petitioner is entitled to
8    equitable tolling of the limitation period "only when 'extraordinary circumstances beyond a
9    prisoner's control make it impossible to file a petition on time' and 'the extraordinary
10   circumstances were the cause of his untimeliness.' Grounds for equitable tolling under § 2244(d)
11   are "highly fact-dependent."." Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (quoting
12   Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003) and Whalem/Hunt v. Early, 233 F.3d 1146,
13   1148 (9th Cir.2000) (en banc)). The evidence filed by petitioner consists of medical records and
14   other documents that are dated as early as March 2, 1989 and as late as September 30, 2001.
15   However, the evidence tendered by petitioner does not demonstrate that suggest that mental
16   illness or other circumstances made it impossible to file a timely habeas corpus petition between
17   February 2003 and November 2008.[3] Accordingly, this court finds that petitioner is not entitled
18   to equitable tolling of the limitation period and that this action is time-barred.
19        In accordance with the above, IT IS HEREBY RECOMMENDED that:
20        1. Respondent's April 2, 2009 motion to dismiss be granted; and
21        2. This action be dismissed as barred by the statute of limitations.
22        These findings and recommendations are submitted to the United States District
23   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

---

[3] Petitioner does refer to his history of mental illness in several of the claims in his petition, which is signed under penalty of perjury. However, the claims do not refer to post-conviction mental health issues and thus do not support a claim to equitable tolling.

1 days after being served with these findings and recommendations, any party may file written
2 objections with the court and serve a copy on all parties.  Such a document should be captioned
3 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
4 objections shall be filed and served within fourteen days after service of the objections.  The
5 parties are advised that failure to file objections within the specified time may waive the right to
6 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
7 DATED:  December 22, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
simm0108.157