1

2

3

4

5

6

7                  IN THE UNITED STATES DISTRICT COURT

8                FOR THE EASTERN DISTRICT OF CALIFORNIA

9    WALTER F. SIMMONS,

10            Petitioner,              No. 2:09-cv-0108-GEB-JFM (HC)

11       vs.

12   WARDEN, S.V.S.P.,                 ORDER AND

13            Respondent.              FINDINGS AND RECOMMENDATIONS

14   _____/

15           Petitioner is a state prisoner proceeding pro se with an application for a writ of

16   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2000 conviction, entered

17   pursuant to a plea of nolo contendere, to charges of kidnapping, dissuading a witness, and three

18   counts of threatening bodily injury.  This matter is before the court on respondent's motion to

19   dismiss this action on the grounds that it is barred by the statute of limitations and contains

20   unexhausted claims.[1]  For the reasons set forth below, this action is time-barred.  The court will

21   not, therefore, reach the question of whether petitioner has exhausted state court remedies with

22   respect to the claims raised herein.

23   _____

24        [1] On December 23, 2009, this court issued findings and recommendations recommending
     that this action be dismissed as time-barred.  By order filed December 31, 2009, the findings and
     recommendations were granted to provide the parties additional time to file evidence of
25   plaintiff's mental health history, both in support of and in opposition to, the pending motion.
     Both parties have now filed such evidence.  Respondent has also filed a request for leave to file a
26   supplemental reply brief.  Good cause appearing, respondent's request will be granted.

Section 2244(d)(1) of title 28 of the United States Code provides:

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1.  On April 25, 2000, petitioner was convicted to his no contest plea and sentenced to twenty-seven years and four months in state prison.

2.  On June 19, 2000, petitioner filed a notice of appeal.  On December 15, 2000, the state moved to dismiss the appeal as unauthorized because petitioner had waived his right to appeal as part of the plea agreement pursuant to which his no contest plea was entered.  On January 4, 2001, the California Court of Appeal for the Third Appellate District granted the motion and dismissed the appeal.

/////

3.   On October 9, 2001, petitioner filed a petition for writ of habeas corpus in the El Dorado County Superior Court.  That petition was denied by order filed October 29, 2001.

4.   On January 4, 2002, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District.  That petition was denied by order filed February 7, 2002.

5.   On October 1, 2002, petitioner submitted a petition for writ of habeas corpus to the California Supreme Court.  That petition was denied in an order filed February 19, 2003 citing to *In re Swain* (1949) 34 Cal.2d 300, 304 and *In re Duvall* (1995) 9 Cal.4th 464, 474.

6.   On November 20, 2008, petitioner filed a petition for writ of habeas corpus and motion for coram nobis in the El Dorado County Superior Court.  The petition and motion were denied on December 18, 2008.

7.   On January 13, 2009, the instant action was opened with the filing of a petition for writ of habeas corpus signed by petitioner and delivered to prison officials for mailing on January 7, 2009.

Respondent contends that petitioner's conviction became final for purposes of the statute of limitations on April 25, 2000, when his conviction was entered in the superior court. Citing an unpublished set of findings, conclusions and recommendation by a United States Magistrate Judge from the United States District Court for the Northern District of Texas, respondent contends that petitioner's appeal "should not be counted in determining whether the one-year limitation's period commenced" because the appeal was dismissed due to petitioner's waiver of his right to appeal.  Motion to Dismiss, filed April 2, 2009, at 3.  In the alternative, respondent contends that even if the statute of limitations commenced forty days after dismissal of his direct appeal, this action is still untimely.

Assuming arguendo that "the conclusion of direct review" in petitioner's case included his appeal to the state court of appeal, the statute of limitations commenced to run against petitioner on or about February 14, 2001, forty days after the dismissal of his direct

1   appeal.  See Smith v. Duncan, 297 F.3d 809, 813 (9th Cir. 2002), *abrogation on other grounds*

2   *recognized by* Moreno v. Harris, 245 Fed. Appx. 606 (9th Cir. 2007).  It ran for two hundred

3   thirty-seven days until petitioner filed his petition for writ of habeas corpus in the El Dorado

4   County Superior Court on October 9, 2001.  Following the denial of that petition on October 29,

5   2001, petitioner proceeded to the California Court of appeal on January 4, 2002, where his

6   petition was denied on February 7, 2002, and then to the California Supreme Court on October 1,

7   2002, which petition was denied on February 19, 2003.  Relying on Evans v. Chavis, 546 U.S.

8   189 (2006), respondent contends that petitioner is not entitled to tolling for the intervals between

9   these petitions because of the delays between the decision of one court and petitioner's filing at

10  the next level of the state court system.  In the context of this case, the court need not determine

11  whether petitioner unreasonably delayed in proceeding between levels of the state court system

12  because even assuming that the statute of limitations was tolled for these intervals, it expired on

13  June 27, 2003, one hundred and twenty-eight days after the California Supreme Court denied the

14  petition filed in that court.  The instant action was not filed until almost five and a half years

15  later, well after the limitation period expired.[2]

16        In opposition to the motion to dismiss, petitioner makes two arguments relevant to

17  the statute of limitations.[3]  First, petitioner contends that at the time of his no contest plea he did

18  not know that the prosecution had turned over "potentially exculpatory evidence" to petitioner's

19  defense counsel, and that he did not learn of this evidence until after he was sentenced and

20  committed to the California Department of Corrections.  Objection to Motion to Dismiss, filed

21  May 7, 2009, at 2.  This allegation does not change in any material way the outcome of the

22  /////

23

24        [2]  The November 2008 petition for relief filed in the state superior court did not revive the
    expired limitation period.  See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

25

26        [3]  Petitioner did not sign his opposition; it is signed by an individual named Demetrius
    Ahmed Wright, who identifies himself as petitioner's inmate assistant.

1  instant motion, because it is clear that petitioner knew of this potentially exculpatory evidence at

2  the time he filed his direct appeal in the state court of appeal.  Id.

3  Petitioner also contends that he "has a long history of mental illness, and

4  traumatic brain injury, according to a notarized declaration of Ms. Susan Gramentz his mother,

5  and is still under care of CDC mental health staff."  Id.  A habeas petitioner is entitled to

6  equitable tolling of the limitation period "only when 'extraordinary circumstances beyond a

7  prisoner's control make it impossible to file a petition on time' and 'the extraordinary

8  circumstances were the cause of his untimeliness.' Grounds for equitable tolling under § 2244(d)

9  are "highly fact-dependent."."  Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (quoting

10  Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir.2003) and Whalem/Hunt v. Early, 233 F.3d 1146,

11  1148 (9th Cir.2000) (en banc)).

12  Petitioner is entitled to equitable tolling only if his mental health records show

13  that mental illness made it impossible for him to file a timely petition during the periods between

14  February 14, 2001and October 9, 2001; February 19, 2003 and November 20, 2008; and

15  December 18, 2008 and January 7, 2009, when the instant petition was filed.  Petitioner need not

16  prove that he was actively mentally ill during all of the foregoing time periods, but given the fact

17  that almost six years elapsed between the denial of his state supreme court petition and the filing

18  of this action petitioner's evidence must show that active mental illness precluded him from

19  filing a timely petition for a substantial period of time.  Simply put, the evidence before the court

20  does not meet the required showing.

21  The mental health records provided by petitioner show that in 2000 and 2001 he

22  was diagnosed at various times as suffering from depression, anxiety, and a history attention

23  deficit hyperactivity disorder (ADHD).  In September 2000, he was placed in the California

24  Department of Corrections and Rehabilitation's mental health treatment program (CCCMS) and

25  set for annual interdisciplinary treatment team (IDTT) review.  During that time he worked at a

26  prison job in the kitchen.  He was treated until June 2002, when he was found to be stable and

1    scheduled for and IDTT meeting to discontinue CCCMS.  He was readmitted to CCCMS in early

2    February 2003 for treatment of depression, anxiety and frustration.  In August 2004, he was

3    diagnosed with moderate bipolar disorder in addition to depression.  In January 2005, he was

4    found not to need any mental health services and in March 2005, an IDTT team found that he had

5    "been in clinical remission and free of psychotropic medication for one year."  Note from

6    3/29/2005 IDTT meeting, Mental Health Records filed by plaintiff on January 19, 2010.  At that

7    time he was "clinically discharged" from the mental health program and transferred to general

8    population.  Id.  He remained out of the mental health program until 2009.

9         Review of the mental health records provided by petitioner shows that, while he

10    has suffered from and been treated for mental illness over the past eight years, neither the

11    severity nor the duration of the bouts of mental illness made it impossible for him to timely file a

12    petition for writ of habeas corpus.  He is not, therefore, entitled to equitable tolling of the

13    limitation period.

14         For all of the foregoing reasons, this action is barred by the statute of limitations

15    and should be dismissed.  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the

16    United States District Courts, "[t]he district court must issue or a deny a certificate of

17    appealability when it enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. §

18    2254.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has

19    made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The

20    court must either issue a certificate of appealability indicating which issues satisfy the required

21    showing or must state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).

22         Where, as here, the petition should be dismissed on procedural grounds, a

23    certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason

24    would find it debatable whether the district court was correct in its procedural ruling'; and (2)

25    'that jurists of reason would find it debatable whether the petition states a valid claim of the

26    /////

1   denial of a constitutional right.'"  <u>Morris v. Woodford</u>, 229 F.3d 775, 780 (9th Cir. 2000)

2   (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

3          After careful review of the entire record herein, this court finds that petitioner has

4   not satisfied the first requirement for issuance of a certificate of appealability in this case.

5   Specifically, there is no showing that jurists of reason would find it debatable whether this action

6   is barred by the statute of limitations.  Accordingly, a certificate of appealability should not issue

7   in this action.

8          In accordance with the above, IT IS HEREBY ORDERED that respondent's

9   February 9, 2010 request for leave to file a supplemental reply brief is granted; and

10          IT IS HEREBY RECOMMENDED that:

11          1.  Respondent's April 2, 2009 motion to dismiss be granted;

12          2.  This action be dismissed as barred by the statute of limitations; and

13          3.  The district court decline to issue a certificate of appealability.

14          These findings and recommendations are submitted to the United States District

15   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

16   days after being served with these findings and recommendations, any party may file written

17   objections with the court and serve a copy on all parties.  Such a document should be captioned

18   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

19   failure to file objections within the specified time may waive the right to appeal the District

20   Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

21   DATED:  September 13, 2010.

22

23

24   UNITED STATES MAGISTRATE JUDGE

25

26   12simm0108.157

7